UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>*EX PARTE* APPLICATION OF BLUE SKYE FINANCIAL PARTNERS S.A.R.L. FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE EXPEDITED DISCOVERY,<br><br>BLUE SKYE FINANCIAL PARTNERS S.A.R.L.,<br><br>                      Applicant. | 22 Misc. 171 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Applicant Blue Skye Financial Partners S.A.R.L. ("Blue Skye") filed this *ex parte* application seeking an order under 28 U.S.C. § 1782 authorizing it to serve subpoenas on an expedited basis on RedBird Capital Partners ("RedBird") and Elliot Management Corporation ("Elliot"). Applicant contends that the records sought in its proposed subpoenas are relevant to two civil proceedings pending in Luxembourg (the "Luxembourg Actions"). For the reasons set forth in the remainder of this Order, Applicant's application is granted.

### BACKGROUND[1]

**A.  The Parties**

Applicant is a limited liability company established under the laws of Luxembourg. (Cerchione Decl. ¶ 5). As relevant to the present Application,

---

[1]  This Order draws its facts from the declarations of Salvatore Cerchione and Fabio Trevisan submitted in support of Applicant's application for judicial assistance pursuant to Section 1782. (Dkt. #3 ("Cerchione Decl."); #4 ("Trevisan Decl."); #8 ("Trevisan Suppl. Decl.")). For ease of reference, the Court refers to Applicant's memorandum of law in support of its application as "App. Br." (Dkt. #2).

Applicant has a minority ownership interest in Associazione Calcio Milano S.p.A, an Italian football club known internationally as AC Milan. (*Id.* at ¶¶ 1, 5). Elliot is a Delaware corporation that has its principal place of business at 40 West 57th Street, New York, New York. (*Id.* at ¶ 6). Elliot controls two investment vehicles — King George Investments LLC ("King George") and Genio Investments LLC ("Genio") — both of which are Delaware limited liability companies that hold an indirect majority ownership interest in AC Milan. (*Id.*). RedBird is a Delaware limited liability company that maintains a place of business at 667 Madison Avenue, New York, New York. (*Id.* at ¶ 7). RedBird has entered into an agreement to acquire AC Milan from Elliot UK. (*Id.*).

**B.   The Application**

The present application arises out of RedBird's agreement to purchase AC Milan. (App. Br. 1). Applicant asserts that King George and Genio, who collectively hold an indirect majority ownership interest in AC Milan, "have over the past several months engaged in 'behind closed doors' negotiations to sell the club [to RedBird] in violation of Blue Skye's minority interest rights and the Articles of Association" of a key indirect parent company of AC Milan. (*Id.*). According to Applicant, the alleged unlawful sale is to be completed no later than September 2022, but "possibly much sooner." (*Id.*).

To address the alleged violations of its rights, Applicant initiated the Luxembourg Actions in the District Court of and in Luxembourg in June of this year. Applicant filed the first of the two civil actions on June 10 and 13, 2022, seeking a declaration that the contemplated sale of AC Milan cannot be

2

completed absent the unanimous consent of AC Milan's indirect owner's managers, including Applicant (the "Declaratory Action"). (Trevisan Decl. ¶ 10; *see also id.*, Ex. A (translated copy of the Declaratory Action summons and complaint)). Applicant filed the second action more recently on June 27, 2022, seeking to annul the purported sale of AC Milan to RedBird (the "Fraud Action"). (Trevisan Suppl. Decl. ¶¶ 4-5; *see also id.*, Ex. A (translated copy of the Fraud Action summons and complaint)). The Luxembourg Actions remain pending before the Luxembourg court. (*See* Trevisan Decl. ¶ 14).

Applicant filed the application in this case on June 27, 2022, seeking an order permitting it to serve two substantially similar subpoenas on RedBird and Elliot for documents related to Applicant's claims in the Luxembourg Actions. (*See* Dkt. #1-1 (proposed subpoena addressed to Elliot ("Elliot Subpoena")); #1-2 (proposed subpoena addressed to Redbird ("RedBird Subpoena))). The proposed subpoenas are temporally limited to documents "that were created or occurred after October 1, 2021." (Elliot Subpoena, Instructions at ¶ 1; RedBird Subpoena, Instructions at ¶ 1). Broadly speaking, the subpoena seeks four categories of documents that include, but are not limited to Elliot's and RedBird's (i) communications with another entity or person regarding the acquisition or sale of AC Milan; (ii) documents related to the acquisition or sale of AC Milan, including term sheets, letters of intent, memoranda of understanding, exclusivity agreements, non-disclosure agreements, agreements to sell or acquire the club, and drafts thereof; (iii) internal communications regarding the acquisition or sale of AC Milan; and

3

(iv) internal communications relating to the effect of AC Milan's sale on Applicant and other relevant investors. (*See* Elliot Subpoena, Document Requests at ¶¶ 1-4; RedBird Subpoena, Document Requests at ¶¶ 1-4). Given the imminent sale of AC Milan, Applicant asks that the Court order Elliot and RedBird to produce these documents within 10 days. (*See* Dkt. #6).

## LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). "The analysis of a district court hearing an application for discovery pursuant to [Section] 1782 proceeds in two steps." *Fed. Republic of Nigeria* v. *VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022). At the first step, the court must determine whether the applicant satisfies Section 1782's three statutory requirements: that "[i] the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, [ii] the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and [iii] the application is made by a foreign or international tribunal or any interested person." *Mees* v. *Buiter*, 793 F.3d 291, 297 (2d Cir. 2015); *accord Fed. Republic of Nigeria*, 27 F.4th at 148.

4

If the applicant meets the statutory requirements, the district court "may grant discovery under [Section] 1782 in its discretion." *Mees*, 793 F.3d at 297. The court must exercise its discretion "in light of the twin aims of the statute: [i] 'providing efficient means of assistance to participants in international litigation in our federal courts and [ii] encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Schmitz* v. *Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004) (quoting *In re Application of Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997)). To evaluate whether granting an application would further Section 1782's aims, the court must consider four factors that the Supreme Court set forth in *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). *See Fed. Republic of Nigeria*, 27 F.4th at 148. These four so-called "*Intel* factors" are:

> [i] whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for [Section] 1782(a) aid generally is not as apparent; [ii] the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; [iii] whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and [iv] whether the request is unduly intrusive or burdensome.

*Id.* (internal quotation marks omitted).

## DISCUSSION

At the outset, the Court observes that "it is neither uncommon nor improper for district courts to grant applications made pursuant to [Section]

5

1782 *ex parte.*" *Gushlak* v. *Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order). Applicant may therefore properly proceed with the present application on an *ex parte* basis. RedBird and Elliot's "due process rights are not violated because [they] can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.*

Next, the Court finds that Applicant's application satisfies Section 1782's three statutory requirements. *First*, the application seeks discovery from entities that reside in the Southern District of New York. (*See* Cerchione Decl. ¶¶ 6, 7). *Second*, Applicant seeks to use the discovery in ongoing adversarial actions pending before the District Court of and in Luxembourg. (*See* Trevisan Decl., Ex. A (copy of Declaratory Action); Trevisan Suppl. Decl., Ex A (copy of Fraud Action); *see also* App. Br. 8-9 (describing the intended use of the discovery)). *Third*, Applicant is a litigant in the Luxembourg Actions and is therefore an "interested person" for purposes of Section 1782. *See Intel*, 542 U.S. at 256 (remarking that "[n]o doubt litigants are included among … the 'interested person[s]' who may invoke [Section] 1782"); *see also In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020) (observing that "since Applicant is a litigant [in the foreign proceeding], it plainly is an interested person" within the meaning of Section 1782).

The Court further finds that the four *Intel* factors weigh in favor of granting Applicant's application. *First*, RedBird and Elliot are not participants in the Luxembourg Actions. (Trevisan Decl. ¶ 13; Trevisan Suppl. Decl. ¶ 7).

6

*Second*, the Luxembourg Actions are an appropriate subject of judicial assistance because there is no indication that the District Court of and in Luxembourg would not be receptive to discovery obtained through Section 1782.  (*See* Trevisan Decl. ¶ 19 (stating that the "civil courts in Luxembourg ordinarily admit or otherwise allow the use of the type of documentary evidence sought in this matter, including evidence obtained with the assistance of foreign courts")).  *See Euromepa S.A.* v. *R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (stating that "a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782").

*Third*, "nothing in the record suggests" that Applicant is seeking to circumvent foreign proof-gathering restrictions or other policies.  *In re BNP Paribas Jersey Tr. Corp. Ltd.*, No. 18 Misc. 47 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018).  (*See* Trevisan Decl. ¶ 25 (declaring that the "materials sought [in the application], and the use of such materials in the Luxembourg Actions, do not violate any public policy of Luxembourg")).

Lastly, Applicant's proposed subpoenas are not unduly intrusive or burdensome when judged by the "familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302.  The subpoenas are temporally limited and seek documents directly related to Applicant's claims in the Luxembourg Actions.  (*See generally* Elliot Subpoena; RedBird subpoena).

Accordingly, the Court finds that Applicant's request comports with the *Intel* factors and is consistent with the twin purposes of Section 1782.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Applicant's application for judicial assistance pursuant to 28 U.S.C. § 1782. Applicant may serve the proposed subpoenas filed at docket entries 1-1 and 1-2.

RedBird and Elliot are hereby ORDERED to produce any and all records, electronic or otherwise, in their possession in accordance with the subpoenas within 10 days of receipt of the subpoenas and this Order.

The Clerk of Court is directed to terminate the motion at docket entry 1 and to close this action for administrative purposes. If any other party files a motion to quash, the action shall automatically be reopened.

SO ORDERED.

Dated:  July 5, 2022
        New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge