

March 9, 2023

**VIA ECF**

**John J. Sullivan**
Direct Phone   212-453-3729
Direct Fax 646-461-2073
jsullivan@cozen.com

The Honorable Katherine Polk Failla
United States District Court for the Southern
District of New York
40 Foley Square
New York, New York 10007

**Re:**   *In re Application of Blue Skye Financial Partners S.à r.l.*, No. 22 Misc. 171 (KPF)

Dear Judge Failla:

We write on behalf of the petitioner, Blue Skye, to update the Court on multiple important developments in this matter since Blue Skye's letter dated September 6, 2022.  Dkt. 51.

*First*, Rossoneri Sport and Project Redblack filed counterclaims in the Luxembourg Fraud Action claiming that Blue Skye should receive nothing from the AC Milan Transaction.  This is inconsistent with EMC's representation to this Court that Blue Skye would receive its fair share from the Transaction. Dkt. 27, at 7 ("The entire consideration will be paid to Rossoneri Sport, and … Blue Skye will … be entitled to receive a pro rata share of the deal consideration based on [its] respective ownership stakes in Project Redblack. Blue Skye will, upon distribution, end up receiving consideration consistent with its stake in Project Redblack.").

*Second*, Blue Skye has obtained evidence that EMC may have misstated the nature of its role in the Transaction.  Blue Skye maintains that it is enough that EMC has possession, custody, and control of documents sought by the subpoena, and EMC has conceded that it has possession of the documents of the employees of its affiliates.  Dkt. 49 at 2 ("EMC has access to emails and data belonging to individuals working on behalf of EIM."); see *In re Polygon Glob. Partners LLP*, No. 21-mc-007, 2021 WL 1894733, at *2 (D.R.I. May 11, 2021) (denying motion to quash discovery held by foreign subsidiary of US entity because, "per the usual rule, the subpoena power under § 1782 can reach any document within the subpoena recipient's "'possession, custody, or control'"); *In re Polygon Global Partners LLP*, No. 21-mc-364, 2021 WL 2117397 (S.D.N.Y. May 25, 2021) (same). Despite this, EMC still tried to resist discovery by arguing that the only connection to the Transaction "is that two of its employees, in their capacity as providing services to the investment manager, assisted in the Transaction" and "were not the ultimate decision makers."  Dkt. 52 at 2 n.2.  Blue Skye recently obtained documents, however, showing that Elliot Greenberg, who we understand is an officer or director of EMC (see Ex. 1 hereto), was involved in the Transaction because he signed the Stock Purchase Agreement for the Transaction.  *E.g.*, Ex. 2 at 7 (redacted version of Stock Purchase Agreement).  We also understand that Mr. Greenberg is a director or manager of Rossoneri Sport, the former owner and seller of AC Milan.  Exs. 3-4 at 2 (Luxembourg record with English translation).

*Third*, Italian authorities have initiated a criminal proceeding concerning the Transaction. On September 14, 2022, Blue Skye submitted a criminal complaint to Italian authorities, alleging improprieties in the Transaction.  On January 26, 2023, Bloomberg and other outlets reported that

The Honorable Katherine Polk Failla
March 9, 2023
Page 2

_____

Italy's finance police, Guardia di Finanza, had "seized documents from external advisers involved in the sale" of AC Milan to Redbird as part of "an investigation by Milan prosecutors over alleged irregularities" in the sale.[1]  Blue Skye has also been formally notified, *see* Exs. 5-6 (notice with English translation), that the Italian Prosecutors opened an investigation on October 20, 2022, in which Blue Skye is an "offended party" (*i.e.*, a crime victim), and the Italian authorities are investigating two potential charges: (i) asset misappropriation or embezzlement and (ii) obstruction. As an "offended party," Blue Skye may join the proceeding as a civil party and seek damages if an indictment is made.  The obstruction investigation concerns allegations that key aspects of the Transaction were misrepresented to regulators in Italy.  Blue Skye is cooperating in the investigation and its representative has been ordered to provide testimony under oath to the authorities on or about March 21, 2023.  Exs. 7-8 (subpoena with English translation).

These developments further confirm that Blue Skye's Luxembourg Fraud Action is not a sham, as respondents have claimed (*see* Dkt. 21 at 16-7; Dkt. 27 at 17, 23-4), but is a bone fide foreign legal proceeding for which discovery is needed.  Setting that aside, Blue Sky may also appropriately use the discovery that is the subject of this proceeding in those criminal proceedings.  *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 136 (2d Cir. 2017) ("[W]e hold that Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise."); *In re Berlamont*, 773 F.3d 456 (2d Cir. 2014) (affirming grant of discovery to aid a Swiss criminal complainant who wished to provide evidence to Swiss investigating magistrate).  To the extent that the Court has any questions regarding Blue Skye's satisfaction of the statutory and *Intel* factors as applied to the Luxembourg Actions, Blue Skye respectfully requests that the Court also consider these ongoing criminal proceedings to support Blue Skye's discovery requests.  *Id.* at 132-33 (holding that complainant in criminal proceedings can obtain Section 1782 discovery for use in such criminal proceedings).  Should a formal amendment of its Section 1782 petition be necessary, Blue Skye respectfully requests leave to make such an amendment.

*Finally*, Blue Skye has discovered that, just one day after the media reported on the criminal investigation, Rossoneri Sport and Project Redblack—now controlled by EMC and/or its affiliates—distributed 96% of Rossoneri Sport's funds to entities in the Cayman Islands, leaving approximately €46 million in Project Redblack's account, which is significantly less than the over €100 million in damages owed to Blue Skye as a result of the fraud. In fact, Project Redblack acknowledges that Blue Skye is owed over €72 million from the Transaction alone, but has emptied its bank account anyway. Although EMC's affiliates have contended they have put in place a guarantee to cover claims against these entities, Blue Skye has been unable to review its adequacy or relevance, as this documentation has similarly been withheld from Blue Skye.  All distributions owed to EMC's affiliates have been completed as part of the Transaction, but no amounts have been distributed to Blue Skye.

Blue Skye urgently needs discovery in this matter.  The documents sought by the subpoenas are necessary to support Blue Skye's affirmative claims in the Luxembourg

---

[1] *See* Sonia Sirletti, *Italy Finance Police Seize Documents on AC Milan Sale,* BLOOMBERG, (Jan. 26, 2023), https://www.bloomberg.com/news/articles/2023-01-26/italy-finance-police-seize-documents-on-ac-milan-sale-to-redbird; *see also Soccer: Probe opened into sale of AC Milan*, ANSA, (Jan. 26, 2023), https://www.ansa.it/english/news/sports/2023/01/26/soccer-probe-opened-into-sale-of-ac-milan_d4d7a18a-2f5c-46e8-90bb-4772b17a3930.html  (reporting that Italian finance police are investigating the sale of AC Milan to RedBird).

The Honorable Katherine Polk Failla
March 9, 2023
Page 3

_____

Proceedings and now to (i) defend itself against Rossoneri Sport and Project Redblack's counterclaims, and (ii) recover funds due Blue Skye that have already been dissipating. Blue Skye remains unable, however, to obtain the documents via the Luxembourg Court due to Luxembourg's requirement that a requesting party precisely identify requested documents and prove their custodianship, *see* ECF No. 36, ¶ 35, and the fact that only documents actually located in Luxembourg are covered. *Id.*, ¶ 29. This Court, however, continues to have the authority to compel EMC and RedBird to produce the subpoenaed documents.

Respectfully submitted,

COZEN O'CONNOR

By:     John J. Sullivan
*cc: All Counsel of record via ECF*