UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>BLUE SKYE FINANCIAL PARTNERS<br>S.À R.L.<br><br>                    Applicant,<br><br>for an Order Under 28 U.S.C. § 1782 to Take<br>Expedited Discovery | 22 Misc. 171 (KPF) |

## AMENDED STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court governing disclosure and discovery, and upon the agreement and stipulation of Elliott Management Corporation ("EMC") and Blue Skye Financial Partners S.à. r.l. ("Blue Skye"), to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to materials so entitled in this action (the "Action"), the Court enters this protective order (the "Protective Order" or "Order").  This Protective Order is binding on EMC and Blue Skye, including all of their attorneys, agents, representatives, officers, directors, and employees, and any person or entity that in the future becomes a party in this Action, and all of their attorneys, agents, representatives, officers, directors, and employees.  This Protective Order is also binding on any other person or entity that receives Protected Material (as that term is defined below), and all of their attorneys, agents, representatives, officers, directors, and employees.  This Protective Order is not binding on the Court or Court personnel.  The Court reserves the right to amend it at any time, and the parties reserve the right to move the Court for modifications of the Protective Order in the future.

## I.    DEFINITIONS

A.    <u>AC Milan</u>: Italian soccer club Associazione Calcio Milan, S.p.A.

B.    <u>Action</u>: The above-captioned action.

C.    <u>Authorized Criminal Proceeding</u>: The Italian Criminal Proceeding and/or the Luxembourg Criminal Proceeding.

D.    <u>Blue Skye</u>: Blue Skye Financial Partners S.à. r.l.

E.    <u>Challenging Party</u>: A Party that challenges the confidentiality designation, redaction, or withholding of Discovery Material under this Order.

F.    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

G.    <u>Designating Party</u>: A Party that designates information or items that it produces in discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

H.    <u>Discovery Material</u>: All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.  This includes any material produced, filed, or served by any Party during discovery in this Action, or any information included in any such material.  This further includes all information contained in produced documents, including without limitation electronically stored information ("ESI") and metadata.  Discovery Material may include, but is not limited to, deposition testimony and transcripts, and documents and tangible things produced by a Party (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise).  Discovery Material produced, exchanged, or disclosed in this Action shall be used only for the purposes explicitly authorized in this Protective Order, and not for any other proceeding, or for any other business, competitive, personal, private, public, or other purpose.

I.     <u>EMC</u>: Elliott Management Corporation.

J.     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Protected Material that the Producing Party reasonably and in good faith believes is highly sensitive such that its disclosure to another Party would create a risk of harm to the Designating Party (including but not limited to harm of a competitive or commercial nature) that could not be avoided by less restrictive means.

K.     <u>Disposal</u>: The sale, transfer, assignment, or encumbrance, including but not limited to the imposition of any restriction or limitation on use, disposal, ownership or assignment such as, but not limited to, any third-party right, security interest right, call option rights, tag along rights, drag along rights, preference rights, right to first offer, rights to first refusal, right to acquire, or pre-emption right.

L.     <u>In-House Counsel</u>: Attorneys who are employees of a Party to this action, or employees of a corporate parent or subsidiary to a Party to this action who are working on or are responsible for this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

M.     <u>Italian Criminal Proceeding</u>: The proceeding and/or investigation into potential asset misappropriation or embezzlement and/or obstruction in connection with the Transaction, previously identified at ECF No. 53 as No. 37119 and 22 R.G.N.R. Mod. 44, which is pending in Milan, and in which Blue Skye is an offended party and may join the proceeding as a civil party.

N.     <u>Luxembourg Criminal Proceeding</u>: The proceeding initiated on September 28, 2023 through a *citation directe devant le tribunal correctionnel* and pending before the 9th chamber of the District Court in Luxembourg proceeding  under the reference number Not:41835/23/CD.

O.    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party but are retained to represent or advise a Party to this Action or a Transaction-Related Proceeding, and who appear in this Action or the Transaction-Related Proceeding on behalf of that Party or are employed by a law firm which appears on behalf of that Party.  For the avoidance of doubt, attorneys do not become Outside Counsel of Record until they formally appear in this Action or a Transaction-Related Proceeding.

P.    <u>Party</u>: EMC, Blue Skye, and any person or entity that in the future becomes a party in this Action.

Q.    <u>Privilege</u>: The attorney-client privilege, the work-product protection, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

R.    <u>Producing Party</u>: A Party that produces Disclosure or Discovery Material.

S.    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

T.    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

U.    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

V.    <u>SPA Annulment Action</u>:  The action brought on June 27, 2022 by Blue Sky Financial Partners S.à. r.l. and Luxembourg Investment Company 1959 S.à. r.l. in the District Court of and in Luxembourg against Daniela Italia, Jean-Marc McLean, Elliott Greenberg, Victor Schuh, Alfred Izak Gosling, Christos Stavrou, Aiden Aspelding, Project Redblack S.à. r.l., Genio Investments LLC, King George Investments LLC, Rossoneri Sport Investment Luxembourg S.à. r.l., Elliott

4

Advisors (UK) Limited, Associazione Calcio Milan, S.p.A., Milan Entertain S.r.l.a., Milan Real Estate S.p.A., Alfredo Craca, Footballco Intermediate Coöperatief U.A., and Giovanni Caslini, the summons for which is attached as Exhibit A to the Supplemental Declaration of Fabio Trevisan, ECF No. 8-1.

W.      Transaction: The Disposal or potential Disposal of AC Milan to or in favor of any person, including Investcorp, Redbird Capital Partners LP and/or one of its affiliates, or any other bidder or interested party, as well as (i) any ancillary transactions to such Disposal or potential Disposal (including financing or the release of pledges), (ii) any direct or indirect decision-making in relation to such Disposal or potential Disposal or any ancillary transactions thereto, and (iii) the consequences of such Disposal, potential Disposal, ancillary transactions or decision-making.

X.      Transaction-Related Proceeding: An action that is (i) this Action; (ii) the SPA Annulment Action; (iii) the Italian Criminal Proceeding; or (iv) the Luxembourg Criminal Proceeding.

## II.      **CONFIDENTIALITY**

A.      Confidentiality Designations: Discovery Material may be designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Material"). The Parties shall make confidentiality designations in good faith to ensure that only those documents or information that merit treatment as Protected Material are so designated.

B.      Standard for Protected Material: The standard for Protected Material is Discovery Material that has not been made public by the Producing Party, and that the Producing Party reasonably and

in good faith believes qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c).

C.    <u>Procedure for Confidentiality Designations</u>:

1.      <u>Designation</u>: To designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party must mark it as such.

2.      <u>Marking Documents</u>: All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Protected Material by marking the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or substantially equivalent language on the face of the document and each page so designated.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  With respect to tangible items or ESI produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing ESI, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item or media is Protected Material or contains such information.

3.      <u>Marking Other Information and Tangible Items</u>: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.      <u>Inadvertent Failures to Designate</u>: The inadvertent failure to designate particular Discovery Material as Protected at the time of production shall not waive a Party's right to later designate such Discovery Material as Protected.  Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked with the level of protection being asserted in accordance with Paragraph II.C.2 of this Order. Thereafter, the Receiving Party must immediately return to the Producing Party or, at the Receiving Party's election, destroy the original Protected Material and all copies of the same and make no use of such Information.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  If the Discovery Material that was inadvertently not designated is, by the time of the later designation, filed with a court on the public record, the Party that failed to make the designation shall move for appropriate relief.

D.      <u>Redaction for Privilege or Protection</u>: Any Producing Party may redact from the Discovery Materials it produces: (i) any matter that the Producing Party claims is subject to attorney-client privilege, work-product protection, or any other applicable protection; (ii) any matter containing personally identifiable information; (iii) any matter containing information subject to confidentiality obligations (provided that the Producing Party has first made efforts to produce such Discovery Material without redactions for confidentiality as allowed under applicable confidentiality agreement(s) or other obligations(s)); and (iv) any matter that is not relevant to the Transaction or the Transaction-Related Proceedings.  The Producing Party must produce a log within twenty one (21) days of making its production that identifies (i) the Discovery Material withheld or the Discovery Material in which information has been redacted, including the date, recipients and authors of the Discovery Material; and (ii) the reasons for such withholding or

redaction sufficient for the Receiving Party to determine whether withholding or redacting the Discovery Material is appropriate. The Receiving Party reserves the right to challenge any redaction for any reason pursuant to Section E below.

E.      Challenges to Confidentiality Designations, Redactions, and Withholding:

1.      A Party may at any time, in good faith, object to the propriety of (i) the confidentiality designation of specific Discovery Material, (ii) the redactions to Discovery Material on any basis set forth in Section II.D, or (iii) the withholding of Discovery Material on the basis of privilege or work-product protection, by serving by email a written objection upon the Producing Party's Counsel.  Within 7 days following the service of an objection, the Parties will meet and confer by phone concerning the objection.  In conferring, the Producing Party must provide a reasoned explanation setting forth the basis for the confidentiality designation, redaction, and/or withholding.  If the Parties cannot agree, the Challenging Party may, within 14 days of the initial challenge or within 7 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, move the Court for an order (i) removing or altering a confidentiality designation, (ii) seeking the production of Discovery Material being redacted, or (iii) seeking the production of Discovery Material being withheld from production.  On such a motion, (i) the Producing Party shall have the burden of proving that such Discovery Material is properly designated, redacted or withheld, and (ii) the Challenging Party shall have the burden to demonstrate that "good cause" exists for removing or altering the confidentiality designation at issue, for the production of the redacted Discovery Material, or for the production of the withheld Discovery Material.

2.      Procedure: Any motion challenging a confidentiality designation, redaction, or withholding may be made by the Court's expedited letter motion procedure as set forth in Judge

Failla's Individual Rules of Practice in Civil Cases in which the requesting Party submits a letter motion of up to three pages describing the grounds for the requested relief and requesting a pre-motion conference.  The responding Party must respond within 3 business days.

3.      Pending the Court's resolution of any dispute over (i) the confidentiality designation of specific Discovery Material, (ii) the redactions to Discovery Material on any basis set forth in Section II.D, or (iii) the withholding of Discovery Material on the basis of privilege or work-product protection, either (i) the confidentiality designation shall apply, (ii) the redactions to the Discovery Material shall be deemed appropriate, or (iii) the Discovery Material (or redacted portions thereof) shall be deemed properly withheld, as the case may be.  Any motion with respect to the confidentiality or privilege status of Discovery Material shall, if appropriate, be filed under seal.

III.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

A.      <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case for prosecuting, defending, or attempting to settle (i) this Action; (ii) the SPA Annulment Action; and (iii) any Authorized Criminal Proceeding. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When all Transaction-Related Proceedings have been terminated, including any appeals therefrom, a Receiving Party must comply with the provisions of Paragraph III.F of this Order.  Protected Material must be stored and maintained by a Receiving

Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary;

2.    The Receiving Party's Outside Counsel of Record in any Transaction-Related Proceeding, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary;

3.    The Receiving Party's In-House Counsel;

4.    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary;

5.    This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons assisting those courts to whom disclosure is reasonably necessary;

6.    Any court hearing the SPA Annulment Action or any Authorized Criminal Proceeding, and any appeals therefrom, and qualified persons assisting those courts to whom disclosure is reasonably necessary;

7.    Any prosecutorial authority in the context of any Authorized Criminal Proceeding;

8.    Any person designated by this Court upon such terms as this Court may deem proper; and

9.    Other persons only by written consent of the Producing Party.

C.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

1.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary;

2.      The Receiving Party's Outside Counsel of Record in any Transaction-Related Proceeding, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary;

3.      The Receiving Party's In-House Counsel;

4.      This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons assisting those courts to whom disclosure is reasonably necessary;

5.      Any court hearing the SPA Annulment Action or any Authorized Criminal Proceeding, and any appeals therefrom, and qualified persons assisting those courts to whom disclosure is reasonably necessary;

6.      Any prosecutorial authority in the context of any Authorized Criminal Proceeding;

7.      Any person designated by this Court upon such terms as this Court may deem proper; and

8.      Other persons only by written consent of the Producing Party.

D.      Use of Protected Material:

1.      All Discovery Material produced, or information derived therefrom, including but not limited to Protected Material, shall be used solely for the purposes of (i) the Action, (ii) the SPA Annulment Action, and (iii) any Authorized Criminal Proceeding, and any appeals from such

actions, and shall not be used for any other purpose.  No Discovery Material will be used by the Receiving Party in any other litigation, proceeding, regulatory action, or for any other purpose in this or any other jurisdiction.

2.     Filings: Unless otherwise agreed by the Producing Party, all Parties shall ensure that any document that constitutes, discloses, summarizes, describes, characterizes, or otherwise communicates, in whole or in part, Protected Material is not disclosed in a manner that violates this Order.  If the document is filed in this Action, the filing Party shall comply with the filing procedures described in Rule 9.C of Judge Failla's Individual Rules of Practice in Civil Cases, or the Individual Rules of the presiding Judge if other than Judge Failla.  If the document is filed in the SPA Annulment Action or any Authorized Criminal Proceeding, the filing Party shall ensure that Protected Material is not disclosed in a manner that violates this Order.

3.     Nothing in this Order shall preclude any party from complying with an order or directive by the courts hearing the SPA Annulment Action or any Authorized Criminal Proceeding, including to share Protected Material with other parties to such actions.  In the event any such disclosure is required by order or directive of the court or otherwise, the Receiving Party will, unless prohibited by law, provide the Producing Party with prompt notice of any such requirement, and provide the Producing Party with the opportunity to object.

4.     In the event that the Receiving Party discloses Protected Material to any person not a Party or a Party's attorney, agent, representative, officer or employee, it may only do so consistent with the terms of this Order, and the Receiving Party shall obtain an appropriate protective order or other reliable assurance that the Protected Material will be maintained as confidential and will only be used in the context of the Action or the SPA Annulment Action, any Authorized Criminal Proceeding, or any appeals therefrom, including but not limited to having

any further recipient sign the Endorsement of Stipulated Protective Order ("Endorsement") attached hereto as Appendix A and enforcing the Endorsement on the Producing Party's behalf. To the extent parties to the aforementioned actions decline to sign the Endorsement, the Receiving Party will notify the Producing Party that it intends to produce Protected Material to parties who have not signed the Endorsement, and provide the Producing Party with the opportunity to object. To the extent the Endorsement is insufficient to ensure that the Protected Material will be maintained as confidential and will only be used in the context of the aforementioned actions, including to the extent that the parties to the aforementioned actions decline to sign the Endorsement, the Producing Party reserves all rights to seek an appropriate protective order.

5.      The Parties, and all signatories to the Endorsement, agree that Protected Material can only be used in the Action, the SPA Annulment Action, any Authorized Criminal Proceeding, or any appeals therefrom, and that any Protected Material shall not have any legal or evidentiary value if used in any action, suit, litigation, arbitration, proceeding (including any civil, criminal, administrative, investigative, or appellate proceeding), hearing, inquiry, audit, or investigation that is not the aforementioned actions.  The Parties further agree that that, as a matter of law, any Protected Material would not have any legal or evidentiary value if used in any action, suit, litigation, arbitration, proceeding (including any civil, criminal, administrative, investigative, or appellate proceeding), hearing, inquiry, audit, or investigation that is not the aforementioned actions.

6.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) promptly notify the Producing Party of the scope and nature of the

unauthorized disclosure, including detailing the best efforts it has taken to retrieve all copies or obtain a certification of destruction of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute and abide by the Endorsement.

7.      This Order shall not restrict any attorney who is a qualified recipient under the terms of the Order from rendering advice to his or her client that is a Party to this Action, and in the course thereof, from generally relying upon his or her examination of Protected Material.  In rendering such advice, or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party if such disclosure would not otherwise be permitted under the terms of this Order.

E.      Requests by a Third Party for Protected Material: If a Receiving Party is served with a discovery request, a subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Protected Material (collectively, a "Demand"), the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Producing Party.  The notification must be in writing (by email, if possible), include a copy of the Demand, and be made as soon as reasonably practicable, in order to allow the Producing Party at least ten (10) days to take such protective steps as it deems appropriate, which steps, if any, the Producing Party shall take at its own cost and expense. The Receiving Party also must promptly inform the party that caused the Demand to issue that some or all of the material covered by the Demand is the subject of the Order.  Unless the Producing Party lodges an objection to the Demand

14

within 10 days of receipt of the aforementioned notification, the Receiving Party may produce responsive documents, materials, or other information.  In order to suspend or prevent production by the Receiving Party in response to a Demand, said objection must be lodged with the entity that made the Demand, or in a proceeding in connection with which the Demand was made, and must be sufficient to relieve or stay the obligation of the Receiving Party to comply with the Demand until the objection has been resolved.  Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring that any party to this Order subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, legislative body, or regulatory body.

F.    <u>Return or Destruction of Protected Material</u>:

1.    Within ninety (90) days of the final disposition of this Action and all Transaction-Related Proceedings, including all appeals therefrom, all recipients of Protected Material must either return the Protected Material and all copies thereof to the Producing Party, or, at the Receiving Party's election, destroy such material and copies.  Upon written request by the Producing Party, the Receiving Party must certify the return or destruction of Protected Material by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, notes, or other forms of reproducing or capturing any of the Protected Material in whole or in part.  Notwithstanding this provision, the Counsel of Record for the Parties in this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, discovery responses, deposition exhibits, trial exhibits, legal memoranda, correspondence, or attorney work product generated or received in this Action, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

2.     The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to document preservation obligations; or (iii) are otherwise required by law to be retained.  Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

## IV.   **<u>PRIVILEGE</u>**

A.   <u>No Waiver by Disclosure</u>:

1.     The production of privileged or work-product protected documents, ESI or Discovery Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.     If a Producing Party becomes aware that it has inadvertently produced privileged or work-product protected information, the Producing Party will promptly notify each Receiving Party in writing (by email) of the inadvertent production.  Within two (2) business days of receipt of such notice, each Receiving Party to which such notice is directed: (a) must return, sequester, or destroy the protected information and any copies (except to challenge the claim of privilege or protection before the Court to the extent permitted under Fed. R. Civ. P. 26(b)(5)(B)); (b) must not use or disclose the protected information (except to challenge the claim of privilege or protection before the Court to the extent permitted under Fed. R. Civ. P. 26(b)(5)(B)) until the claim of privilege or protection is resolved or withdrawn; (c) must take reasonable steps to recall the protected information if that Receiving Party disclosed it before being notified; and (d) must, upon

the Producing Party's request, provide a written certification of Counsel that all such disclosed protected information has been returned, sequestered, or destroyed.

      3.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or Discovery Material (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

## V.    <u>MISCELLANEOUS</u>

A.    <u>Limitations</u>: Nothing contained herein shall operate as an admission by any Party as to the admissibility in evidence of any document or information revealed in the course of disclosure or discovery.  Nothing contained herein shall preclude any Party from opposing or seeking any discovery on any basis.  Nothing in this Order shall prohibit or interfere with the ability of Counsel for any Receiving Party to represent any individual, corporation or other entity adverse to any Party or their affiliate(s) in connection with any other matter.

B.    <u>Violations of the Protective Order</u>: In the event that any person or entity subject to the terms of this Protective Order, or any of its attorneys, agents, representatives, officers, directors, and employees, violates the terms of this Protective Order or threatens to violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or entity, or any of its attorneys, agents, representatives, officers, directors, and employees, including without limitation specific performance of their obligations herein.  The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

C.    <u>Security Precautions and Data Breaches</u>: A Receiving Party that learns of a breach of confidentiality affecting any documents or materials it received from a Producing Party must

promptly notify the Producing Party of the scope and nature of that breach and make reasonable efforts to contain, mitigate, and remedy the breach.

D.    <u>Effectiveness Pending Entry by the Court:</u>  The Parties agree to be bound by the terms of this [Proposed] Stipulated Protective Order pending the entry by the Court of this [Proposed] Stipulated Protective Order, and any violations of the terms herein shall be subject to the same sanctions as if this [Proposed] Stipulated Protective Order had been entered by the Court.

E.    <u>Protective Order Remains in Force</u>: This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.  Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this Action and the termination of the Transaction-Related Proceedings.  The Court retains jurisdiction even after termination of this Action and the termination of the Transaction-Related Proceedings to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may, at any time, deem appropriate.

F.    <u>Modification</u>:

1.    <u>Stipulations</u>: Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, or to alternative or supplemental confidentiality arrangements, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.

2.    <u>Request for Expanded Disclosure</u>: A Party may move to modify this Order, including to expand the permitted disclosures.  The Party seeking to expand the scope of this Order shall serve by email a written notice upon the Producing Party's Counsel.  At the request of the Producing Party, the Parties shall meet and confer by phone within 7 days of service of the written notice. Any such meet and confer must be completed within 7 days following the service of the

notice unless the Receiving Party requests additional time. If the Parties do not reach agreement upon completion of the meet and confer, or if the Parties otherwise do not reach agreement within seven days of service of the notice, then the Party seeking to expand the scope of the Order may move the Court to modify this Order to expand its scope.

3.      <u>Procedure</u>: Any request to expand the scope of this Order may be made, at the requesting Party's decision, by the Court's expedited letter motion procedure as set forth in Judge Failla's Individual Rules of Practice in Civil Cases in which the requesting Party submits a letter motion of up to three pages describing the grounds for the requested expansion and requesting a pre-motion conference. The responding Party must respond within 3 business days.

4.      Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

IT IS SO STIPULATED this 14th day of February, 2024.

HOLWELL SHUSTER & GOLDBERG LLP

Vincent Levy
Kevin Benish
425 Lexington Ave, 14th Floor
New York, New York 10017
Telephone: (646) 837-5151
vlevy@hsgllp.com
kbenish@hsgllp.com

*Attorneys for Blue Skye Financial Partners*
*S.à. r.l.*

DAVIS POLK & WARDWELL LLP

Andrew Ditchfield
Matthew Cormack
Luca Marzorati
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
andrew.ditchfield@davispolk.com
matthew.cormack@davispolk.com
luca.marzorati@davispolk.com

*Attorneys for Elliott Management*
*Corporation*

**SO ORDERED.**

Dated:          February 15, 2024
                New York, New York

The Honorable Katherine Polk Failla
United States District Judge

**APPENDIX A**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

BLUE SKYE FINANCIAL PARTNERS
S.À R.L.

                Applicant,

for an Order Under 28 U.S.C. § 1782 to Take
Expedited Discovery

22 Misc. 171 (KPF)

## <u>ENDORSEMENT OF STIPULATED PROTECTIVE ORDER</u>

       I hereby certify that I have read the Stipulated Protective Order ("Order") entered in the above-captioned action and that I understand the terms thereof.  I agree to be bound by the Order.  If I receive documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as those terms are defined in the Order, I understand that such information is provided to me pursuant to the terms and restrictions of the Order.  I agree to hold in confidence and not further disclose or use for any purpose, other than as permitted by the Order, any information disclosed to me pursuant to the terms of the Order.  I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order.

Name: _____

Address: _____

Telephone: _____

Email Address: _____
Counsel for Third
Party: _____

Signature: _____