

**MEMO ENDORSED**

# HOLWELL SHUSTER & GOLDBERG LLP

The Honorable Katherine Polk Failla                                                       June 11, 2024
United States District Court for the Southern District of New York
40 Foley Square, New York, New York 10007

        Re:    *In re Blue Skye Financial Partners S.à r.l.*, No. 1:22-mc-00171-KPF (S.D.N.Y.)

Dear Judge Failla,

        We respectfully submit this reply in further support of Blue Skye's letter-motion (Dkt. 94) seeking clarification or modification of the protective order ("PO"), Dkt. 87.

        ***Use/Disclosure at a Hearing or Trial***.  The PO governs disclosure and use of discovery material before trial and, like other protective orders entered in U.S. civil suits everyday, does not address the conduct of any hearing or trial.  As a result, the PO *nowhere* prohibits Blue Skye from discussing Protected Material in open court at a hearing or trial if Luxembourg law requires that any hearing or trial be public.  EMC does not dispute that Luxembourg law does so require; nonetheless it tries to manufacture a total bar on using Protected Material at a public hearing or trial—effectively undoing the Court's § 1782 orders and preventing Blue Skye from using these Materials in Luxembourg (which was exactly the reason why it initiated this proceeding)—by pointing to a provision of the PO addressing the "filing" of documents.  But this letter-motion is not about the "filing" of documents.  It is about whether, e.g., Blue Skye may seek to admit Protected Material as trial exhibits, discuss Protected Material with the Court in Luxembourg, and discuss the content of Protected Material with witnesses while examining them.  This must occur in public, and the PO does not bar Blue Skye from doing any of these activities.

        EMC tries to brush aside the provisions of the PO confirming (as this Court held in its § 1782 order, Dkt. 59) that Blue Skye could disclose and use discovery in the SPA Annulment Action by arguing that Blue Skye previously told the Court it could still use discovery abroad even if documents were not admissible abroad by, for example, crafting questions for witnesses.  But Blue Skye *explicitly* argued that it needed § 1782 discovery to "present [its] case" (Dkt. 34 at 25), and it negotiated the right to disclose and use documents in the Transaction-Related Proceedings (PO § III.A, III.B.6, III.C.5).  Furthermore, EMC was obviously aware that any use or disclosure of Protected Material at a hearing or trial would have to be in public, given that "[EMC] knew (or should have known) [Luxembourg] law when it was negotiating the Protective Order." Dkt. 96 at 3.[1]  The PO does not bar such use or disclosure, and instead—in a provision that Blue Skye cited but EMC *nowhere* addresses—the PO expressly provides that Blue Skye would ***not*** violate the PO if it abided by a foreign court's directives.  PO §§ III.B.6, III.C.5.  That is precisely the situation: Luxembourg rules and law require any evidence to be discussed in open court.  The Court here should confirm that EMC is wrong: complying with the requirements of foreign law is consistent with the PO.

        Nor did EMC negotiate a protective order like in *CPC Patent Technologies PTY Ltd. v. Apple, Inc.*, where the petitioner had to seek "permission from [the U.S. court] before using any confidential information produced pursuant to the protective order in the German action." 2023 WL 3579314, at *4 (N.D. Cal. Jan. 3, 2023).  EMC instead agreed that Blue Skye could disclose and use Protected Material

---

[1] EMC's suggestion that there is a distinction between "use" and "disclosure" (*id.* at 1) is nonsensical: Blue Skye's *use* of discovery "to prepare witnesses prepare witnesses, craft questions, and present [its] case" inherently requires *disclosure* of the content of Discovery Material at a hearing that must be public under Luxembourg law. Blue Skye's point earlier in this proceeding was simply that, even if the evidence presented is inadmissible as trial exhibits, Blue Skye still had "the practical ability . . . to place a beneficial document—or the information it contains—before a foreign tribunal," including by disclosing the content of documents to a foreign court.  *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017).

in the foreign court, and that abiding by foreign law would not breach the PO. (EMC separately agreed that Blue Skye could challenge any confidentiality designation here, and Blue Skye will do so if necessary, since none of the supposed "Protected Material" meets the FRCP 26 standard for trade secrets. The PO does not require this as a predicate to using documents abroad, however.)

*__Consolidation__*.  Blue Skye also requested clarification or modification that it could use EMC's documents in civil proceedings in Luxembourg challenging the SPA.  EMC's only response to this is a footnote saying that Blue Skye should have anticipated evolutions in the lawsuit, ignoring the fact that Blue Skye was *not* the party that first requested consolidation.  Even disregarding this, and the fact that a footnote is no place to raise substantive arguments, it is notable that EMC does not in fact raise any substantive objection to the proposed modification; nor could it, when the Court expressly held that Blue Sky use EMC's documents in civil litigation challenging the SPA.

*__Modification__*.  In the alternative, the Court should modify the PO as Blue Skye requested, so that Blue Skye may use Protected Material in Transaction-Related Proceedings—as this Court has already confirmed in written orders—given that Luxembourg law requires trials to occur in public. *See, e.g.*, *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400, 406 (S.D.N.Y. 2016) (instructing parties to modify "problematic" use restriction because it "makes little sense")*.*

EMC responds by saying the PO should not be modified because this Court previously held it is subject to a heightened standard for modification.  EMC does not dispute that the law showing a lower standard is appropriate was not previously brought to the Court's attention.  EMC says the law is inapplicable because it *did* rely on the protective order—because Blue Skye had agreed to entry of "an adequate protective order."  Dkt. 96 at 3.  But no PO had been entered when the Court ordered EMC to produce discovery, and the Court did not condition its order mandating EMC's compliance with the subpoena on a protective order—let alone one that would, as EMC would have it, disallow Blue Skye from putting the documents to the very use that this Court authorized in denying EMC's motion to quash in part and ordering EMC to make a document production.

EMC also could not have reasonably relied on the PO remaining as it is written, because the PO contains a provision *expressly permitting modification* to it.  See PO § V.F.4 ("Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.").  The Second Circuit said as much in *Lugosch v. Pyramid Co. of Onondaga*, explaining that "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable," and that if, as here, a protective order contains a provision stating that it may be altered, "it is difficult to see how the defendants can reasonably argue that they produced documents in reliance on the fact that the documents would always be kept secret."  435 F.3d 110, 126 (2d Cir. 2006).  EMC's refrain about what the parties previously agreed therefore does not help it: Where, as here, "the parties expressly agreed that the Order was subject to modification by the court," there is "no reasonable reliance" and "it is within the court's discretion, after weighing the interests of both parties, to modify the Order."  *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 255 F.R.D. 308, 320-21 (D. Conn. 2009) (emphasis added).

Finally, given that the requested modifications here concern the use and disclosure of Protected Material in the course of a trial that foreign law requires to be held in public, it bears noting that the Second Circuit has expressly held that reliance on a protective order is of no moment when it comes to disclosure in the course of a public proceeding: The Circuit has expressly rejected the notion that such reliance should play a role, given that courts would likely have ordered the production of the information used or disclosed at trial. *Lugosch*, 435 F.3d at 125-26.

EMC provides no good reason to deny Blue Skye the ability to use or disclose discovery that the Court ordered to be produced in aid of a hearing or trial in the Luxembourg civil case.  The Court should confirm that the PO does not bar that use even though hearings or trials there, like here, must be public.

>Respectfully submitted,
>/s/ *Vincent Levy*

```
The Court is in receipt of Blue Skye's letter (Dkt. #94) requesting
clarification or modification of the governing protective order in
this action; EMC's response (Dkt. #96); and Blue Skye's above reply
(Dkt. #97).

As a matter of interpretation, the Court disagrees with Blue Skye
that the protective order, in its current form, permits Blue Skye
to "submit Protected Material to the courts in all three authorized
foreign proceedings, and use it in those cases, even if foreign
law, procedure, and/or practice requires that any discussion of the
evidence at a hearing or trial must occur in a session open to the
public."  (Dkt. #94).  Further, for substantially the reasons set
forth in EMC's letter, the Court will not modify the protective
order to do so.

The Court also disagrees with Blue Skye that the heightened
standard of Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291 (2d
Cir. 1979) does not apply here.  For one, the documents at issue
are not "judicial documents" to which there is a presumption in
favor of access under United States v. Amodeo, 44 F.3d 141 (2d Cir.
1995).  Further, it is not fair to say that the documents at issue
here were not produced in reasonable reliance on the protective
order, à la S.E.C. v. TheStreet.Com, 273 F.3d 222 (2d Cir. 2001) (a
case in which the discovery material at issue, specifically,
deposition testimony, was provided before the entry of the relevant
protective order).  In issuing its order compelling discovery from
EMC, the Court took into consideration Blue Skye's "willing[ness]
to accommodate... [confidentiality] concerns by stipulating to an
adequate protective order," Dkt. #34 at 30; what is more, the Court
credits EMC's good-faith assertion that it has "relied upon the
limitations in the Protective Order in producing thousands of
sensitive documents."  (Dkt. #96).  Above all, courts routinely
enter protective orders to safeguard § 1782 discovery; the Court
```

3

will not here declare -- as Blue Skye would have it -- that all such protective orders are undeserving of a presumption against modification simply because one party, as an overarching matter, "ha[s] been compelled to produce" the underlying discovery. *Arcesium LLC* v. *Advent Software, Inc.*, 2022 WL 621973, at *5 (S.D.N.Y. Mar. 3, 2022).

The Court will, however, permit a modification of the protective order to clarify that Blue Skye "may use Protected Material in the consolidated civil case to which the SPA Annulment Action was recently joined," albeit not as broadly as "any other civil action or proceeding in Luxembourg where a claim is asserted by Blue Skye and Luxembourg Investment Company 159 S.à. r.l. to invalidate or annul the Transaction and/or the SPA."  In view of the consolidation of the SPA Annulment Action into a larger civil case, the Court finds that there is a "compelling need" to modify the protective order, such that Blue Skye may continue to use the discovery in (what is now) the SPA Annulment Action.  *Martindell*, 594 F.2d 291 at 296.

Accordingly, the Court hereby ORDERS the parties to meet and confer and submit a proposed amended version of the protective order for the Court to enter, consistent with the terms of this Order, on or before **June 25, 2024**.

The Clerk of Court is directed to terminate the pending motion at docket entry 94.

Dated:     June 12, 2024          SO ORDERED.
           New York, New York

                                  *[signature: Katherine Polk Failla]*

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE